*924 OPINION OF THE COURT
David D. Egan, J.
This is a death penalty case. Defendant requests this court to prohibit the People from using peremptory challenges to exclude any prospective juror who has beliefs in opposition to capital punishment, but is not otherwise excusable for cause pursuant to CPL 270.20. Under Batson v Kentucky (476 US 79 [1986]) and its progeny, a party may not use a peremptory challenge to strike a member of a constitutionally protected “distinct group” from a jury. Defendant thus asks this court to declare “death-scrupled” prospective jurors to be members of such a distinct group. The People oppose all defendant’s requests.
CPL 270.25 (1) provides in part that “[a] peremptory challenge is an objection to a prospective juror for which no reason need be assigned.” (See Gray v Mississippi, 481 US 648, 667-668 [1987] [a prosecutor’s exercise of a peremptory challenge is not generally subject to judicial review, absent a Bat-son rule violation].) This court finds no reason to undermine the People’s statutorily guaranteed right to exercise peremptory challenges in selecting a jury. This court does not find that “death-scrupled” jurors are a distinct and cognizable group warranting constitutional protection. (Accord People v Santiago, Monroe County Ct, Feb. 17, 2000, Bristol, J.; People v Bell, Sup Ct, Queens County, Feb. 9, 1999, Cooperman, J.; People v Mateo, Monroe County Ct, Sept. 17, 1998, Connell, J.) A cognizable and distinct group is not one whose sole common characteristic is a particular opinion about an issue. (People v Bell, supra; see also, Willis v Kemp, 838 F2d 1510, 1514 [11th Cir 1988], cert denied sub nom. Willis v Zant, 489 US 1059 [1989]; Barber v Ponte, 772 F2d 982, 986 [1st Cir 1985]; People v Guzman, 60 NY2d 403, 410-412 [1983], cert denied 466 US 951 [1984].)
In a separate motion, defendant seeks an order prohibiting the court and the People from alerting prospective jurors of qualification standards for their service. In support, defendant relies upon both the notion of heightened due process, which he avers attaches to all capital cases, and New Jersey court cases wherein the court and/or prosecutor erroneously notified prospective jurors of such qualification standards. (See e.g., State v Williams, 113 NJ 393, 550 A2d 1172, 1180 [1988].) This court is mindful of its obligations during voir dire. The court also is convinced" that the existing law governing jury selection *925 adequately addresses defendant’s concerns regarding the People.
Defendant’s motions entitled DEF-40 and DEF-45 are in all respects denied.